**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory Paul KARL, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Willie Watts, Defendant–Appellant.**

No. 05–50454.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Jan. 11, 2008.

---

Elana Shavit Artson, Esq., Michael J. Raphael, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Sies, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: THOMPSON, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM *

Gregory Paul Karl and Willie Watts appeal their convictions of conspiracy to defraud the United States, 18 U.S.C. § 371, and various counts of mail fraud, 18 U.S.C. § 1341, arising from their participation in a scheme to sell "pure trusts" purporting to shield income from federal taxation.[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and for the reasons set forth below, affirm their convictions.

### I.

█ The district court correctly rejected Karl and Watts' claim of a denial of equal protection due to Batson error. *Batson v. Kentucky,* 476 U.S. 79, 93–94, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although the government struck two of five African–American potential jurors, the district court did not clearly err, *United States v. Esparza–Gonzalez,* 422 F.3d 897, 901 (9th Cir.2005), in finding that the government's race-neutral explanation—that Juror No. 13 lacked the capacity to understand the complicated tax prosecution, and that Juror No. 45 had never filed her own taxes—were legitimate. Thus Karl and

Watts failed to demonstrate that the government acted with the requisite "discriminatory intent or purpose." *See Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

### II.

█ The district court did not err in denying Karl and Watts' Rule 29 motions, which asserted that their convictions rested on constitutionally insufficient evidence. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have determined that a single conspiracy existed, rather than smaller, multiple conspiracies. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Karl and Watts both participated in bringing to fruition a single goal: selling pure trusts that purported to block the government from collecting taxes. *See United States v. Fernandez,* 388 F.3d 1199, 1226 (9th Cir.2004). The books, seminars, trust sales, and opening of bank accounts all functioned together to enrich Watts, Karl and their co-defendants. The more persuasive Lynn Meredith's tax-evasion seminars, the more pure trusts Watts could sell, putting more money in his pocket through commission. The more pure trusts Watts sold, the more customers for whom Karl could open bank accounts, thereby adding to his financial success. A reasonable fact finder could find that this formed a single overarching conspiracy.

### III.

The district court did not plainly err by using the Ninth Circuit Model Instruction

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Pure trusts are fictitious legal devices that have long been used as part of sales pitches to

an unsuspecting public. Their purveyors falsely represent that this trust device can prevent the federal government from levying taxes on assets contained in the trust.

on multiple conspiracies. *See United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir.2007). These instructions properly guided the jury as to how it should rule if it were to determine that the overarching single conspiracy alleged by the government did not exist. *See Fernandez*, 388 F.3d at 1247 (noting that under the same model instructions "the jury could decide that the large overarching conspiracy charged by the government in each count did not exist, but that other unrelated conspiracies did; or that a particular defendant did not participate in the overall conspiracy, but rather in a different and unrelated conspiracy").

### IV.

■ The district court did not commit plain error by failing to issue a specific unanimity charge. *See United States v. Carlson*, 235 F.3d 466, 471 (9th Cir.2000). Karl and Watts contend that a specific unanimity charge was necessary to prevent jury confusion resulting from the variance between the underlying indictment alleging a single count of conspiracy against the government as compared to the evidence adduced at trial revealing a conspiracy against the purchasers of the pure trusts, rather than the government.

We are not persuaded. In *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989), we explained that almost all tax-avoidance schemes defraud both the government and the scheme's clients and that a specific unanimity charge is not required to delineate between the two sets of victims. *Id.* at 1038–39. Moreover, as in

*Bryan*, Karl and Watts do not suggest that the jury actually exhibited any confusion as to the conspiracy. *See id.* at 1039 ("Bryan [does not] support his claim of a genuine possibility of jury confusion by pointing to any action of the jury, such as requesting clarification of the instruction.") (internal quotation mark omitted). Therefore, the district court did not plainly err by failing to provide a specific unanimity instruction.

### V.

■ Karl and Watts waived their argument that the district court improperly based their mail fraud convictions on conduct falling outside the scope of the statute by solely relying on *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), which has been superseded by 18 U.S.C. § 1346 (1988). *See United States v. Thomas*, 32 F.3d 418, 419 (9th Cir.1994). Failure to cite to valid legal authority waives a claim. *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir.1992).[2]

### VI.

■ The district court did not abuse its discretion by denying Karl and Watts' objection that the prosecutor committed prejudicial misconduct when, during closing argument, she referred to exhibits that fell outside the scope of the district court's limiting instruction pertaining to Watts's involvement in the conspiracy. *See United States v. Tam*, 240 F.3d 797, 802 (9th Cir.2001). Any improper comment by the

---

**2.** Even if *McNally* remained good law in our Circuit, it has no applicability to this case. In *McNally*, a former Kentucky politician was charged with mail fraud due to a self-dealing patronage scheme. The principal theory advanced by the prosecution was that the scheme defrauded citizens of "intangible" rights such as the right to good government.

*Id.* at 352. The Court rejected this argument, holding that "[t]he mail fraud statute clearly protects property rights, but does not refer to the intangible right of the citizenry to good government." *Id.* at 356. Here, the Government alleged that Karl and Watts' fraud deprived people of property rights, not the right to good government.

prosecutor did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Williams v. Borg*, 139 F.3d 737, 744 (9th Cir.1998) (internal quotation mark omitted).

As an initial matter, Karl's argument fails because the district court did not issue a limiting instruction narrowing his involvement with the conspiracy to particular dates. Although Karl argued that the district court relied on a misrepresentation made by the prosecution in declining to grant the limiting instruction, Karl did not appeal this ruling, so the issue is not properly before us. *In re Riverside–Linden Inv. Co.*, 945 F.2d 320, 324–25 (9th Cir. 1991). Without a limiting instruction to violate, the prosecution did not err by referring to the exhibits in relation to Karl.

The prosecution did commit error by connecting Watts to a documentary exhibit created after his participation in the conspiracy ended, but this error was not prejudicial. The district court remedied the error promptly and directly by reminding the jury of the earlier limiting instruction. Moreover, the evidence to which the prosecution improperly referred merely provided additional proof of a point amply established elsewhere in the record: the conspiracy's use of Watts's credential as a C.P.A. Therefore, any error, even absent the curative instruction, did not materially affect the verdict.

**AFFIRMED.**